UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL KEVIN MARTIN

v.                                                                          Case No. 8:07-cr-48-T-24-TBM
                                                                                8:13-cv-1468-T-24-TBM

UNITED STATES OF AMERICA

                                                                       Related Case No.: 8:10-cv-16-T-24-TBM
                                                                               8:12-cv-357-T-24-TBM

_____/

**ORDER**

       This cause comes before the Court on Petitioner Carl Martin's third motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No.1; CR Doc. No. 102[1]). Because a review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not hold an evidentiary hearing and will proceed to address the matter. As explained below, the motion is dismissed.

**I. Background**

       On June 1, 2007, Petitioner pled guilty to two charges–possession with intent to distribute fifty grams or more of cocaine base and possession of a firearm in furtherance of a drug trafficking crime. On August 28, 2007, Petitioner was sentenced to 270 months of imprisonment, and judgment was entered that same day. (CR Doc. No. 53, 59).

       Petitioner did not appeal his sentence. Instead, on December 29, 2009, he submitted his first § 2255 motion for filing, in which he challenged the Court's Guideline calculation. (CR Doc. No. 67). The Court denied his first § 2255 motion. (CR Doc. No. 82). Petitioner moved

---

[1] Citations to the criminal docket are denoted as CR Doc. No. Citations to the instant civil case docket, which contains Petitioner's third § 2255 motion, are denoted as CV Doc. No. Citations to the related civil case dockets, which contains Petitioner's first and second § 2255 motion, are denoted as R-CV-1 Doc. No. and R-CV-2 Doc. No.

for reconsideration, which this Court denied. (CR Doc. No. 84). Thereafter, Petitioner filed a Notice of Appeal of the order denying his first § 2255 motion and the order denying his motion for reconsideration, and the Eleventh Circuit denied him a certificate of appealability. (R-CV Doc. No. 24, 26).

In February of 2012, Petitioner filed a second § 2255 motion. (R-CV-2, Doc. No. 1). The Court denied that motion as being untimely and successive. (R-CV-2, Doc. No. 3). Thereafter, Petitioner filed a Notice of Appeal of the order denying his second § 2255 motion, and the Eleventh Circuit denied him a certificate of appealability. (R-CV-2 Doc. No. 5, 10).

## II. Motion to Vacate Sentence

Currently before the Court is Petitioner's third § 2255 motion. In this motion, he identifies four grounds for relief: (1) his guilty plea was unintelligent, unknowing, and involuntary because he was induced to plead by the Government's promise to file a Rule 35 motion that it never intended to file; (2) the Government failed to fulfill its promise to file a Rule 35 motion on his behalf; (3) he was constructively denied counsel during the plea bargaining stage of the prosecution; and (4) the Court's failure to appoint counsel for him violated his right to effective assistance of counsel. However, as explained below, his motion must be dismissed, because it is successive.

Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified by a panel of the Eleventh Circuit prior to being filed in this Court. No such certification was obtained in this case.

Petitioner argues that this motion should not be considered successive, and he cites to Stewart v. United States, 646 F.3d 856 (11th Cir. 2011). In Stewart, the court recognized that in certain limited circumstances, a literally second or successive § 2255 motion will not be considered as such. However, the claims raised in Petitioner's third § 2255 motion do not fall within that limited category.

Petitioner also argues that this motion should be converted to a motion under Rule 60. It appears that Petitioner is referring to Federal Rule of Civil Procedure 60(b). However, Rule 60(b) "is not a proper way to challenge a criminal conviction or sentence." U.S. v. Perez, 497 Fed. Appx. 873, 874 (11th Cir. 2012)(citations omitted).

Petitioner also argues that this motion should be treated as one seeking to amend a previous § 2255 motion. However, there is no basis for finding this motion to be an amendment to a previously ruled on § 2255 motion. See Jones v. United States, 304 F.3d 1035, 1043, n.16 (11th Cir. 2002).

### III.  Conclusion

Accordingly, Petitioner's § 2255 motion (CV Doc. No. 1; CR Doc. No. 102) is **DISMISSED** as a successive filing. The Clerk is directed to close the civil case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues

presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of June, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record

4